# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| | CASE NUMBER: 8:10-cr-135-T-30MAP |
| | USM NUMBER: 51785-018 |
| vs. | |
| DAVID L. DIXON | Defendant's Attorney: Mark W. Ciaravella, cja. |

THE DEFENDANT:

_ pleaded guilty to count(s) .
_ pleaded nolo contendere to count(s) which was accepted by the court.
X  was found guilty on count(s) ONE, TWO, THREE, and FOUR of the Indictment after a plea of not guilty.

| TITLE & SECTION | NATURE OF OFFENSE | OFFENSE ENDED | COUNT |
|---|---|---|---|
| 18 U.S.C. §§ 922(g)(1), 924(a)(2) and 2 | Felon in Possession of a Firearm | February 24, 2010 | One |
| 18 U.S.C. § 924(c)(1)(A)(i) | Possession of Firearm in Relation to Drug Trafficking Crimes | February 24, 2010 | Two |
| 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) and 18 U.S.C. §2 | Possession with Intent to Distribute Cocaine | February 24, 2010 | Three |
| 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) and 18 U.S.C. § 2 | Possession with Intent to Distribute Cocaine Base | February 24, 2010 | Four |

The defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

_ The defendant has been found not guilty on count(s)
_ Count(s) (is)(are) dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of any material change in economic circumstances.

Date of Imposition of Sentence: June 16, 2011

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

DATE: June 16, 2011

AO 245B (Rev 06/05) Sheet 2 - Imprisonment (Judgment in a Criminal Case)

Defendant: DAVID L. DIXON
Case No.: 8:10-cr-135-T-30MAP

Judgment - Page 2 of 6

## IMPRISONMENT

After considering the advisory sentencing guidelines and all of the factors identified in Title 18 U.S.C. §§ 3553(a)(1)-(7), the court finds that the sentence imposed is sufficient, but not greater than necessary, to comply with the statutory purposes of sentencing.

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of ONE HUNDRED and TWENTY (120) MONTHS. This term consists of terms of SIXTY (60) MONTHS as to each of Counts One, Three, and Four of the Indictment with all such terms to run concurrently and a SIXTY (60) MONTH consecutive term as to Count Two of the Indictment.

_X_ The court makes the following recommendations to the Bureau of Prisons: The defendant shall be placed at FCI Coleman.

_X_ The defendant is remanded to the custody of the United States Marshal.
___ The defendant shall surrender to the United States Marshal for this district.

   ___ at ___ a.m./p.m. on ___.
   ___ as notified by the United States Marshal.

___ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons.

   ___ before 2 p.m. on ___.
   ___ as notified by the United States Marshal.
   ___ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____
_____
_____

Defendant delivered on _____ to _____
___ at _____, with a certified copy of this judgment.

_____
United States Marshal

By:_____
Deputy United States Marshal

Defendant: DAVID L. DIXON  
Case No.: 8:10-cr-135-T-30MAP  
Judgment - Page 3 of 6

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **FIVE (5) YEARS**. This term consists of a **FIVE (5) YEAR** term as to Counts Two, Three, and Four of the Indictment and a **THREE (3) YEAR** term as to Count One of the Indictment, all such terms to run concurrently

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime. The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

X   The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

X   The defendant shall cooperate in the collection of DNA as directed by the probation officer.

If this judgment imposes a fine or restitution it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

### STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (Rev. 06/05) Sheet 3C - Supervised Release (Judgment in a Criminal Case)

Defendant: DAVID L. DIXON
Case No.: 8:10-cr-135-T-30MAP

Judgment - Page 4 of 6

## SPECIAL CONDITIONS OF SUPERVISION

The defendant shall also comply with the following additional conditions of supervised release:

X    The defendant shall participate in a substance abuse program (outpatient and/or inpatient) and follow the probation officer's instructions regarding the implementation of this court directive. Further, the defendant shall be required to contribute to the costs of services for such treatment not to exceed an amount determined reasonable by the Probation Officer's Sliding Scale for Substance Abuse Treatment Services. During and upon completion of this program, the defendant is directed to submit to random drug testing.

X    The defendant shall submit to a search of his person, residence, place of business, any storage units under his control, or vehicle, conducted by the United States Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release; failure to submit to a search may be grounds for revocation; defendant shall inform any other residents that the premises may be subject to search pursuant to this condition.

X    The defendant shall cooperate in the collection of DNA as directed by the probation officer.

X    The mandatory drug testing provisions shall apply pursuant to the Violent Crime Control Act. The Court orders random drug testing not to exceed 104 tests per year.

AO 245B (Rev 06/05) Sheet 5 - Criminal Monetary Penalties (Judgment in a Criminal Case)

| | | |
|---|---|---|
| Defendant: DAVID L. DIXON | | Judgment - Page 5 of 6 |
| Case No.: 8:10-cr-135-T-30MAP | | |

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Fine | Total Restitution |
|---|---|---|---|
| Totals: | $400.00 | Waived | N/A |

☐ The determination of restitution is deferred until ____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all non-federal victims must be paid before the United States.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| | | | |
| Totals: | $ | $ | |

☐ Restitution amount ordered pursuant to plea agreement $ _____.

☐ The defendant must pay interest on a fine or restitution of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐ the interest requirement is waived for the ☐ fine ☐ restitution.

☐ the interest requirement for the ☐ fine ☐ restitution is modified as follows:

\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for the offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (Rev 06/05) Sheet 6 - Schedule of Payments (Judgment in a Criminal Case)

Defendant: DAVID L. DIXON  
Case No.: 8:10-cr-135-T-30MAP

Judgment - Page 6 of 6

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A.  X   Lump sum payment of $ 400.00 due immediately, balance due

       __ not later than _____, or

       __ in accordance __ C, __ D, __ E or __ F below; or

B.  __   Payment to begin immediately (may be combined with __ C, __ D, or __ F below); or

C.  __   Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ days (e.g., 30 or 60 days) after the date of this judgment; or

D.  __   Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____, (e.g., months or years) to commence _____ (e.g. 30 or 60 days) after release from imprisonment to a term of supervision; or

E.  __   Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time, or

F.  __   Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

__  Joint and Several

    Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate:

__  The defendant shall pay the cost of prosecution.

__  The defendant shall pay the following court cost(s):

X   The defendant shall forfeit the defendant's interest in the following property to the United States:

The Court orders that the defendant forfeit to the United States immediately and voluntarily any and all assets previously identified in the Preliminary Order of Forfeiture, that are subject to forfeiture. Specifically included is the forfeiture of one FNH 5.7 x 28 caliber pistol, Serial No. 386142620; one Taurus .44 caliber revolver, Serial No. XL 257084; thirty-two 5.7 x 28 caliber rounds, thirty-two .44 magnum rounds, two .38 caliber rounds, and one 12 gauge shotgun shall. The Preliminary Order of Forfeiture is made a final order and also made a part of this judgment.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  Case No. 8:10-cr-135-T-30MAP

DAVID L. DIXON

## PRELIMINARY ORDER OF FORFEITURE

THIS CAUSE comes before the Court upon the United States' Motion for a Preliminary Order of Forfeiture (Doc. 67) which, at sentencing, shall become a final order of forfeiture as to defendant David Dixon's right, title, and interest in the following:

1. One FNH 5.7x28 caliber pistol, Serial No. 386142620;
2. Thirty-two 5.7x28 caliber rounds;
3. One Taurus .44 caliber revolver, Serial No. XL257084;
4. Thirty-two .44 magnum rounds;
5. Two .38 caliber rounds; and
6. One 12 gauge shotgun shell.

Being fully advised in the premises, the Court hereby finds that the United States has met its burden of establishing the sufficiency of the *nexus* between offenses charged in Counts One and Two of the Indictment and the referenced firearms and ammunition. Accordingly, it is hereby

ORDERED AND ADJUDGED that for good cause shown, the United States' motion (Doc. 67) is GRANTED.

It is FURTHER ORDERED that pursuant to the provisions of 18 U.S.C. § 924(d)(1), 28 U.S.C. § 2461(c), and Fed. R. Crim. P. 32.2(b)(2), all right, title and interest of defendant David Dixon in the firearms and ammunition referenced above is hereby forfeited to the United States for disposition according to law.

The Court retains jurisdiction to enter any further orders necessary for the forfeiture and disposition of the subject firearms and ammunition and to entertain any third party claim that may be asserted in these proceedings.

**DONE** and **ORDERED** in Tampa, Florida on March 14, 2011.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies to:
Counsel/Parties of Record

F:\Docs\2010\10-cr-135.forfeit 67.wpd

2